# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERNDIVISION

STEVE SCOTT BADER,
ADC #96787                                                                                           PLAINTIFF

V.                                    1:13CV00051 SWW/JTR

DALTON WALLACE, Corporal,
North Central Unit, ADC                                                                    DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the

United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## I. Introduction

Plaintiff, Steve Scott Bader, has filed this *pro se* § 1983 action alleging that Defendant Corporal Dalton Wallace retaliated against him at the North Central Unit ("NCU") of the Arkansas Department of Correction ("ADC").[1] *Docs. 2 & 5.*

---

[1] The Court has previously dismissed all other claims against Defendant. *Docs. 6 & 9.*

Defendant has filed a Motion to Dismiss, and Plaintiff has Responded. *Docs. 19, 20, 22, & 23*. For the following reasons, the Court recommends that the Motion be granted, and this case be dismissed, without prejudice, for failing to state a claim upon which relief may be granted.[2]

## II. Alleged Facts

On March 10, 2013, Plaintiff was randomly selected for drug testing at the NCU. *Docs. 2 & 5*. The initial results of the urinalysis indicated that Plaintiff had used marijuana. *Id.*

On March 13, 2013, Plaintiff was placed on disciplinary court review status, in the isolation area of the NCU, pending the finalization of the urinalysis.[3] *Id.* Defendant went to Plaintiff's cell in isolation and questioned him about his use of drugs and how he obtained them in prison. *Id.* Plaintiff denied using drugs and exercised his right to remain silent. *Id.* Defendant then search Plaintiff's cell, seized

---

[2] A motion to dismiss should be granted if a plaintiff has failed to state a viable claim as a matter of law. *See* Fed. R. Civ. P. 12(b)(6); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). When making that determination, the Court must assume the truth of the plaintiff's factual allegations, and it may consider documents attached to the complaint. *Id; Reynolds v. Dormire,* 636 F.3d 976, 979 (8th Cir. 2011); *Morton v. Becker,* 793 F.2d 185, 187 (8th Cir. 1986).

[3] On March 18, 2013, ADC officials received the final urinalysis which indicated that Plaintiff had used marijuana. Plaintiff subsequently admitted to using marijuana one to two days before the drug screening, and he was found guilty of a disciplinary for using drugs in prison. *Doc. 5 at 10*.

several items, and issued him a disciplinary charge for possession of contraband.[4] *Id.*

On March 18, 2013, Plaintiff attended a hearing on that disciplinary charge. *Doc. 5 at 11-12.* During that hearing, a disciplinary officer reviewed Defendant's confiscation form, disciplinary charge, and photographs of the seized items. *Id. Importantly, Plaintiff did not contest that the seized items belonged to him and that they were found in his isolation cell. Id.* Instead, he argued that the seized items were not contraband, as defined by the ADC rules. *Id.* The Hearing Officer rejected that argument and found Plaintiff guilty of possessing contraband. *Id.*

### III. Discussion

Plaintiff contends that, in retaliation for exercising his right to remain silent, Defendant wrongfully seized his personal property and issued him a false disciplinary. *Id.*

Prison officials cannot "impose a disciplinary sanction against a prisoner in retaliation for the prisoner's exercise of his constitutional right." *Meuir v. Greene Cnty. Jail Emps.*, 487 F.3d 1115, 1119 (8th Cir. 2007). "A prima facie case of retaliatory discipline requires a showing that: (1) the prisoner exercised a

---

[4] Specifically, Defendant seized: (1) "six loose medications (later identified by infirmary staff as Zantac 300 mg and Loratadine 10 mg) in non-issued container"; (2) "one sewing string"; (3) "three excessive shoestrings"; (4) "one pair of altered headphones with beads"; (5) "two magazines not addressed to inmate Bader"; and (6) "three pieces of altered cardboard with miscellaneous photographs taped on." *Doc. 5 at 8-9.*

constitutionally protected right; (2) prison officials disciplined the prisoner; and (3) exercising the right was the motivation for the discipline." *Id.*; *Haynes v. Stephenson*, 588 F.3d 1152, 1155 (8th Cir. 2009). As to the third factor, the Eighth Circuit has emphasized that retaliation must be the "actual motivating factor," and that the disciplinary action would not have been taken "but for" the retaliatory motive. *Sisneros v. Nix*, 95 F.3d 749, 752 (8th Cir. 1996); *Goff v. Burton,* 7 F.3d 734, 737 (8th Cir. 1993).

In this case, it is clear that Plaintiff had a Fifth Amendment right to remain silent when he was questioned by Defendant about his use of illegal drugs. *See Minnesota v. Murphy,* 465 U.S. 420, 426 (1984) (explaining that the right to remain silent applies to criminal proceedings and "any other any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings")*; Baxter v. Palmigiano*, 425 U.S. 308, 316 (1976) (explaining that prisoners have a Fifth Amendment right to remain silent during prison disciplinary proceedings if their answers "might incriminate them in later criminal proceedings").

It is also clear that, after Plaintiff asserted his right to remain silent, he was disciplined for possessing contraband in his cell. Thus, the issue is whether the actual motivating factor for Plaintiff's disciplinary conviction was his assertion of his rights

under the Fifth Amendment.

A disciplinary conviction cannot be deemed retaliatory if it was issued for an actual violation of prison rules. *Hartsfield v. Nichols*, 511 F.3d 826, 829 (8th Cir. 2008); *Moots v. Lombardi,* 453 F.3d 1020, 1023 (8th Cir. 2006). Stated differently, a retaliation claim fails, *as a matter of law*, if there was "some evidence" to support the disciplinary conviction. *Henderson v. Baird,* 29 F.3d 464, 469 (8th Cir. 1994); *Goff,* 7 F.3d at 738. The Eighth Circuit has clarified that "a report from a correctional officer, even if disputed by the inmate and supported by no other evidence, legally suffices as some evidence upon which to base a prison disciplinary violation, if the violation is found by an impartial decision maker." *Hartsfield,* 511 F.3d at 831; *see also Henderson,* 29 F.3d at 469. Importantly, this rule applies even if the report is written by the officer who is alleged to have engaged in the retaliatory conduct. *Id.*

In this case, an impartial disciplinary hearing officer reviewed the disciplinary charge, the confiscation form, photographs of the seized items, and – most importantly – Plaintiff's *admission* that the seized items found in his cell belonged to him. Thus, there was more than "some" evidence to support Plaintiff's disciplinary conviction for possessing contraband.[4] Accordingly, his retaliation claim fails, as a matter of law. *See*

---

[4] Plaintiff argues that the seized items were not contraband, as defined by the ADC rules. *Docs. 2, 5, 22, and 23.* He, however, does not have a constitutional right to require ADC officials to properly interpret or comply with internal policies or rules. *See Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003); *Gardner v. Howard,* 109 F.3d 427, 430 (8th Cir.1997). Further, the disciplinary

*Henderson*, 29 F.3d at 469 (explaining that a disciplinary conviction that is supported by some evidence "essentially checkmates" a retaliation claim); *Runningbird v. Weber*, Case No. 05-3176, 2006 WL 2466194 (8th Cir. Aug. 28, 2006) (unpublished opinion) (finding no retaliation claim where a prisoner admitted that he possessed items that were deemed contraband). Accordingly, Plaintiff has failed to state a viable retaliation claim.

## IV. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.  Defendant's Motion to Dismiss (Doc. 19) be GRANTED, and this case be DISMISSED, WITHOUT PREJUDICE, for failing to state a claim upon which relief may be granted.

2.  Dismissal constitute a STRIKE, as defined by 28 U.S.C. § 1915(g).

3.  The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal would not be taken in good faith.

Dated this 25th day of September, 2013.

_____
UNITED STATES MAGISTRATE JUDGE

---

officer, and not Defendant, made the final decision that the seized items were contraband under the ADC rules.